IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JAMELL MASON,

    Petitioner,

v.    Civil Action No. 3:13-CV-54
    Criminal Action No. 3:09-CR-87-6
    (JUDGE BAILEY)

UNITED STATES OF AMERICA,

    Respondent.

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On May 16, 2013, the *pro se* Petitioner, Jamell Mason, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. (Doc. 471.) The Government was ordered to answer Petitioner's motion on June 21, 2013. (Doc. 480.) The Government filed a Response in Opposition to Motion on August 20, 2013. (Doc. 489.) This case is before the undersigned for a report and recommendation pursuant to LR PL P 83.01, et seq. For the reasons stated below, the undersigned recommends that the District Judge deny Petitioner's Motion to Vacate.

### II. FACTS

*A.   Conviction and Sentence*

On November 17, 2009, Petitioner was named in four counts of an eighteen count indictment. (Doc. 1.) Count One charged Petitioner with conspiracy to knowingly and intentionally possess with intent to distribute and to distribute in excess of fifty (50) grams of cocaine base, also known as

1

"crack," and to knowingly and intentionally possess with intent to distribute more than one-hundred (100) grams of heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). (Id.) Count Twelve charged Petitioner with knowingly and intentionally distributing, within 1,000 feet of Winchester Avenue Elementary School, approximately 0.35 grams of heroin, in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(C), 860, and 18 U.S.C. § 2. (Id.) Counts Sixteen and Seventeen charged Petitioner with knowingly and intentionally possessing with intent to distribute approximately 2.17 grams and 17.82 grams of heroin, respectively, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). (Id.)

On January 18, 2011, Petitioner changed his plea, entering a plea of guilty to Counts Sixteen and Seventeen. (Doc. 286.) That same day, the Government agreed to dismiss Counts One and Twelve. (Id.) According to the Government, no written plea agreement was prepared in this case. Of particular relevance, Petitioner stated that he understood the maximum sentence he could receive for each count. (Id. at 13-14.) He stated that he understood that under the concept of relevant conduct, the sentencing Court could take into account any conduct, circumstances, or injuries relevant to his crime. (Id. at 17.) He stated that he understood that the sentencing Court could depart from the sentencing guidelines. (Id.)

On May 9, 2011, Petitioner appeared before the Court for sentencing. (Doc. 334.) During the hearing, defense counsel stated that there was an issue in dispute with regard to the presentence report. (Id. at 4-5.) Defense counsel stated that the relevant conduct included in the report was "above and beyond anything that [Petitioner] had admitted to as part of the two counts he pled to." (Id. at 4.) The Court stated that because Petitioner was classified as a career offender, relevant conduct was not a significant issue. (Id. at 5.) The Court found an Offense Level of thirty-four (34) because of Petitioner's status as a career offender, but lowered it to an Offense Level of thirty-two

(32) for acceptance of responsibility. (Id. at 10.) After determining a Criminal History Category of VI, the Court stated that the guidelines called for 210 to 262 months of incarceration. (Id.) Defense counsel argued that Petitioner's designation as a Career Offender overstated his Criminal History. (Id. at 11-14.) The Court asked Petitioner if he wished to make a statement to the Court. (Id. at 16.) Petitioner made a statement to the Court, apologizing for his behavior and accepting his sentence. (Id. at 16-17.) The Court sentenced Petitioner to 210 months of incarceration for each count, to be served concurrently. (Id. at 21.)

## B.     *Appeal*

The Fourth Circuit affirmed the District Court's decision on February 16, 2012. United States v. Mason, 466 F. App'x 255 (2012) (per curiam). The Court held that Petitioner's plea was knowing and voluntary. Id. at 256. The Court held that the Magistrate Judge correctly complied with Rule 11 during the plea hearing. Id. The Court held that Petitioner's remaining claims were without merit. Id. The Court stated that Petitioner was correctly classified as a career offender, and that the "record does not establish conclusively" that Petitioner's counsel was ineffective. Id.

## C.     *Federal Habeas Corpus*

Petitioner contends that defense counsel's failure to challenge the fact that his base offense level included drug weight from dismissed counts and uncharged conduct constitutes ineffective assistance of counsel. (Doc. 471 at 5.) Also, Petitioner argues that he was incorrectly designated as a career offender, and that defense counsel's failure to object to the designation constitutes ineffective assistance of counsel. (Id. at 6.)

The Government contends that Petitioner has not met "his burden under Strickland in that he cannot show that his counsel's performance was deficient." (Doc. 489 at 5.) The Government

3

argues that the record shows defense counsel did object to the use of weight outside of Counts Sixteen and Seventeen. (Id. at 6-7.) Further, the Government states that the District Judge did not take into account the relevant conduct because Petitioner was classified as a career offender. (Id. at 7.) The Government also contends that Petitioner's past offenses qualify him as a career offender and that defense counsel did argue that the career offender designation over-represents Petitioner's criminal history. (Id. at 11.)

## D.  *Recommendation*

Based upon a review of the record, the undersigned recommends that Petitioner's § 2255 motion be denied and dismissed from the docket. Petitioner's claims regarding ineffective assistance of counsel are not supported by the record.

## III. STANDARD OF REVIEW

### A.  *§ 2255 Standard*

A motion made pursuant to 28 U.S.C. § 2255 is a collateral attack on a conviction or sentence imposed in a separate proceeding. To succeed on such a motion, the movant must prove that the conviction or sentence was imposed in violation of the laws or Constitution of the United States; or the court, in imposing sentence, lacked jurisdiction; or the sentence exceeded the maximum authorized by law; or the sentence was otherwise subject to collateral attack. 28 U.S.C. § 2255. Because a § 2255 motion seeks to deny, evade, or impeach a judgment, claims of error that have previously been raised and rejected on direct appeal of that judgment may not be raised again in a § 2255 motion. United States v. Harrison, No. 96-7579, 1997 WL 499671, at *1 (4th Cir. Aug. 25, 1997) (unpublished).

## IV. ANALYSIS

## A. Standards Governing Claims of Ineffective Assistance of Counsel

The Supreme Court has set forth a two-prong test for determining whether a convicted defendant's claim of ineffective assistance of counsel warrants the reversal of his conviction. Strickland v. Washington, 466 U.S. 668, 687 (1984). First, "the defendant must show that counsel's performance was deficient." Id. Second, "the defendant must show that the deficient performance prejudiced the defense." Id. These two prongs are commonly referred to as the "performance" and "prejudice" prongs. Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992).

To satisfy the "performance" prong, the defendant must demonstrate that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." Strickland, 466 U.S. at 687. However, a reviewing court does not "grade" trial counsel's performance, and there is a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." Carter v. Lee, 283 F.3d 240, 249 (4th Cir. 2002). Essentially, the reviewing court must not "second-guess" counsel's performance and must "evaluate counsel's performance 'from counsel's perspective at the time.'" Hunt v. Lee, 291 F.3d 284, 289 (4th Cir. 2002). Furthermore, the standard of reasonableness is objective, not subjective. See Strickland, 466 U.S. at 688.

To satisfy the "prejudice" prong, the defendant must demonstrate that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687. Therefore, if counsel's errors have no effect on the judgment, the conviction should not be reversed. See id. at 691. A defendant who alleges ineffective assistance of counsel following a guilty plea has an even higher burden: "he must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart,

474 U.S. 52, 59 (1985); Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988). The Fourth Circuit has recognized that if a defendant "cannot demonstrate the requisite prejudice, a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297.

The Fourth Circuit has set forth two categories of decisions made by trial counsel. First, there are "personal" decisions that require consent from the defendant, such as the decision to enter a guilty plea, the decision to waive a trial by jury, the decision to appeal, and the decision of whether to testify at trial. See Sexton v. French, 163 F.3d 874, 885 (4th Cir. 1998). The second category includes decisions that "'primarily involve trial strategy and tactics,' such as 'what evidence should be introduced, what stipulations should be made, what objections should be raised, and what pre-trial motions should be filed.'" Id. (quoting United States v. Teague, 953 F.2d 1525, 1531 (11th Cir. 1992)). Accordingly, "[t]here is a strong presumption that counsel's attention to certain issues to the exclusion of others reflects trial tactics rather than sheer neglect." Harrington v. Richter, 131 S. Ct. 770, 790 (2011) (citations and internal quotation marks omitted).

B. *Analysis of Petitioner's Ineffective Assistance of Counsel Claims*

### 1. Claim 1: Counsel Failed to Challenge the Use of Drug Weight From Dismissed Counts and Uncharged Conduct

Petitioner contends that defense counsel was ineffective for failing to challenge the Court's inclusion of drug weight from dismissed charges in determining the base offense level. Also, Petitioner claims that defense counsel erred when he miscalculated the drug weight by including some weight associated with Count 12, a dismissed count. (Doc. 471-1 at 5.) During sentencing, defense counsel stated:

> Just to elaborate on what I have said earlier, to try to flesh it out a bit, the two counts that Mr. Mason pled to, I believe, would total 20.34 grams of heroin. Were Mr. Mason not characterized by the guidelines as a career offender, that would result in

a base level of 18.

(Doc. 334 at 11:17-20.) Petitioner claims that his base offense level should be based on 19.99 grams of heroin, rather than 20.34 grams.(Doc. 471-1 at 5.) Petitioner claims that this weight would require a base offense level of eighteen. (Id.) Petitioner claims that defense counsel was ineffective because he failed to object to the probation officer's use of uncharged conduct as relevant conduct. Also, he claims that defense counsel was ineffective because he "sent the Court in the wrong direction" when he stated the same drug weight total included in the presentence report.

Petitioner's claim is without merit for three reasons. First, drug weight from dismissed counts and uncharged conduct can be used as relevant conduct in determining the base offense level. U.S. Sentencing Guidelines Manual, § 1B1.3 (2004). Nevertheless, it is clear from defense counsel's objections to the presentence report and his objections during the sentencing hearing that he challenged the use of the drug weight charged in calculating Petitioner's relevant conduct. In the objections to the presentence report, defense counsel stated that the heroin drug weight attributable to Petitioner was "inaccurate" (Doc. 318 at 30.) Defense counsel then elaborated on the objection by stating that "the relevant conduct calculated is incorrect. Defendant does not agree with the amount of heroin attributed to him and denies any crack cocaine should be attributed to him." (Id.) During the sentencing hearing, when asked by the District Judge whether there were any issues in dispute with regard to the presentence report, defense counsel stated "Judge, I think the relevant conduct is in dispute at this point, above and beyond anything that Mr. Mason had admitted to as part of the two counts he pled to." (Doc. 334 at 4:14-17.) After defense counsel made this objection, the District Judge stated:

> Well, with regard to relevant conduct, since he is a career offender, the relevant

> conduct really is not a significant issue. Because the guidelines establish [sic] by the career offender guideline – so, it really doesn't make much difference what – I mean, if I were to decide it's X., Y., or Z., it really doesn't make any difference in determining the guideline.

(Doc. 334 at 5:14-20.) Even after the District Judge stated that the relevant conduct was not a significant issue, defense counsel continued to argue against the inclusion of the uncharged conduct by stating:

> The Government has two people who indicated in their debriefing that they supplied heroin to my client, Ms. Vincent and Mr. Johnson. There's no one they ever found who ever said they supplied cocaine to my client of any – I don't know how the Government was ever going to make that argument . . . There is no one in any of the debriefings that puts any cocaine on my client.

(Id. at 7-8.) Also, defense counsel filed a sentencing memorandum in which he argued that the relevant conduct attributed to Petitioner was erroneous. (Doc. 316 at 12.) In the memorandum, defense counsel stated

> The total relevant conduct that can be directly attributed to Mr. Mason and not through the testimony of unnamed and unreliable "witnesses" is 20.34 grams of heroin. Additionally, there is no record of any controlled purchase or governmental seizure of any cocaine base "crack" in this case that is related to Mr. Mason. As such, it is the contention of Mr. Mason that the relevant conduct attributed to him in his PSR is incorrect and should be changed.

(Id.) The record demonstrates that defense counsel did challenge the use of dismissed charges in determining relevant conduct. Petitioner's claim is also without merit because the District Judge determined that Petitioner would be sentenced as a career offender. Therefore, Petitioner's relevant conduct did not affect the calculation of Petitioner's guidelines.

Accordingly, the Strickland test has not been met because defense counsel did object to the use of uncharged conduct as relevant conduct. Also, even if defense counsel failed to object to the use of uncharged conduct, it did not affect the outcome of the sentencing. The Petitioner was

sentenced as a career offender, so the use of the relevant conduct did not affect the guideline range. Because Petitioner must satisfy both prongs of the Strickland test, the undersigned finds that Petitioner's claim is without merit.

### 2. Claim 2: Counsel Failed to Challenge Petitioner's Career Offender Status

Petitioner claims that defense counsel failed to object to Petitioner's designation as a career offender. He argues that defense counsel failed to make this objection in three ways. First, Petitioner claims that defense counsel failed to argue that the Government intentionally delayed the federal prosecution to ensure that Petitioner could be sentenced as a career offender. Second, he claims that defense counsel failed to argue that Petitioner's two prior felony convictions did not qualify him as a career offender. Third, he claims that defense counsel failed to argue that the career offender designation over-represented Petitioner's criminal history.

First, Petitioner argues that the period of time between his arrest on June 5, 2008, and his federal Indictment on November 17, 2009, was intentionally designed to allow the New York State Court to sentence Petitioner for his prior felony. Petitioner claims that the Government postponed his Indictment so that he could be sentenced as a career offender in federal court. However, Petitioner was never arrested on federal charges, so he was not formally accused until his Indictment on November 17, 2009. The speedy trial provision of the Sixth Amendment does not extend to periods of time prior to actual arrest or formal accusation. United States v. Marion, 404 U.S. 307, 320 (1971). Also, "due process is not violated simply because the defendant is prosecuted after a substantial investigative delay." United States v. Stinson, 594 F.2d 982, 984 (4th Cir. 1979). Therefore, there is no basis to conclude that defense counsel was deficient in not making an objection regarding the alleged delay.

9

Second, Petitioner claims defense counsel failed to argue that Petitioner's two prior felony convictions did not qualify him as a career offender. According to USSG § 4B1.1(a), a defendant is considered a career offender if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S. Sentencing Guidelines Manual, § 4B1.1(a) (2004). Petitioner meets the first two requirements because the offenses of conviction are felony controlled substance offenses that occurred when Petitioner was thirty-two (32) years old. He also meets the third requirement, though he contests this fact. Petitioner asserts that his prior state court drug conviction did not constitute a "controlled substance offense" as defined by the career offender guidelines. (Doc. 471-1 at 11.) For the purposes of the career offender guidelines, a controlled substance offense is

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . .with the intent to manufacture, import, export, distribute, or dispense.

U.S. Sentencing Guidelines Manual, § 4B1.2(b) (2004). Petitioner does not dispute that he was convicted in New York of "Criminal Sale of a Controlled Substance, 3rd Degree (Dangerous Drug)." He was sentenced to fifty-four months to nine years of incarceration. A "prior felony conviction" is a conviction for an offense punishable by imprisonment for more than one year. Id. This conviction clearly satisfies the requirements of a controlled substance offense for the purposes of the career offender guidelines.

Petitioner's second conviction used to determine his career offender status was for a "crime

of violence". For the purposes of the career offender guidelines, a crime of violence is

> "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that - - (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."

U.S. Sentencing Guidelines Manual, § 4B1.2(a) (2004). Petitioner was convicted of "Robbery, 2nd Degree" in New York. (Doc. 489 at 18.) Robbery is a specifically enumerated offense constituting a crime of violence in USSG § 4B1.2(a). Also, under New York law, "a person is guilty of robbery in the second degree when he forcibly steals property[.]" McKinney's Penal Law § 160.10. Robbery includes force as an element of the offense. Therefore, it is considered a crime of violence for the purposes of the career offender guidelines. Petitioner was sentenced to two to six years of incarceration for the offense. Because both prior offenses satisfy the career offender guidelines, Petitioner's argument is without merit.

Petitioner's final claim is that defense counsel failed to argue that the career offender designation over-represented Petitioner's criminal history. In particular, Petitioner argues that defense counsel failed to set forth a USSG § 4A1.3 criminal history departure argument. (Doc. 471-1 at 11.) However, it is clear from the sentencing memorandum filed by defense counsel that he argued for a § 4A1.3 departure. (Doc. 316 at 10-12.) Similarly, during sentencing, defense counsel argued that the career offender status over-represented Petitioner's actual criminal history. (Id. 11-15.) He clearly argued for a criminal history category of IV, rather than the category of VI required by the career offender guidelines. (Id. at 11.) Petitioner has failed to meet his burden under the performance prong of Strickland. Even if defense counsel failed to make an argument against the career offender status, Petitioner has failed to demonstrate that the outcome would have been different. The career

offender guidelines require the Court to look to the definitions of the convicted offenses, rather than looking to the specific facts surrounding the offenses. United States v. Wilson, 951 F.2d 586, 587 (4th Cir.1991). Regardless of the facts surrounding Petitioner's convictions, the Court is required to determine whether the offenses categorically satisfy the requirements found in § 4B1.1(a). Id. Petitioner was previously convicted of both a crime of violence and a controlled substance offense as defined by § 4B1.2(a). Accordingly, Petitioner is considered a career offender. Therefore, the undersigned finds that Petitioner's claim is without merit because he has failed to meet his burden under the two prongs of Strickland.

## V. OTHER MATTERS

On July 31, 2013, Petitioner filed a Motion to Supplement the Record with Case Law from the Supreme Court of the United States in Support of Relief, citing United States v. Alleyne, 133 S.Ct. 2151 (2013). Alleyne held that "facts that increase the mandatory minimum sentence are therefore elements and must be submitted to the jury and found beyond a reasonable doubt." 133 S.Ct. at 2158. In Alleyne, however, the Supreme Court did not declare this new rule to be retroactive on collateral attack. See also In re Kemper, 735 F.3d 211 (5th Cir. 2013); In re Payne, 733 F.3d 1027 (10th Cir. 2013); Simpson v. United States, No. 13-2373, 2013 WL 3455876, at *1 (7th Cir. July 10, 2013) ( all finding that Alleyne does not apply retroactively). In addition to the Fifth, Seventh and Tenth Circuits, a number of district courts in this circuit and across the country have determined that Alleyne should not be applied retroactively for the purposes of collateral attack. See e.g., Williams v. United States, No. 5:13-CV-00108, 2013 WL 4083274, at *2 (W.D.N.C. August 13, 2013); Smith v. Holland, No. 13-147-KKC, 2013 WL 4735583, at *4 (E.D.Ky. Sept. 3, 2013); Smith v. Fed. Bureau of Prisons, No. 9:13–384–RMG, 2013 WL 833050 (D.S.C. July 23, 2013). Additionally,

Alleyne expanded upon the holding in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000), which found that facts increasing the statutory maximum must be submitted to the jury and proved beyond a reasonable doubt. 530 U.S. at 490 (emphasis added). According to the Seventh Circuit, the "Justices have decided that other rules based on Apprendi do not apply retroactively on collateral review. This implies that the Court will not declare Alleyne to be retroactive." Simpson, 2013 WL 3455876, at *1 (*citing* Schriro v. Summerlin, 542 U.S. 348, 124 S.Ct. 2519 (2004)).

Due to his status as a career offender, Petitioner was not subject to a mandatory minimum. Even if Petitioner was subject to a mandatory minimum, he could not benefit from Alleyne because the Supreme Court did not declare this new rule to be retroactive on collateral attack.

## VI. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Petitioner's § 2255 motion be **DENIED** and dismissed from the docket. Petitioner failed to present evidence of ineffective assistance of counsel as required by Strickland v. Washington, 466 U.S. 668 (1984). Also, the undersigned recommends that Petitioner's Motion to Supplement the Record in Support of Relief be **DENIED**.

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendations to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable John Preston Bailey, Chief United States District Judge. Failure to file timely objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation, 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States

v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. The Clerk is directed to send a copy of this Report and Recommendation to counsel of record.

Dated: June 26, 2014

/s/ John S. Kaull
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE