# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## MARTINSBURG

**JAMELL MASON,**

    Petitioner,

v.

    Civil Action No.    3:13-CV-54
    Criminal Action No.  3:09-CR-87-6
    (BAILEY)

**UNITED STATES OF AMERICA,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATIONS

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge John S. Kaull [Crim. Doc. 545, Civ. Doc. 9]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Kaull for submission of a proposed report and a recommendation ("R & R"). Magistrate Judge Kaull filed his R&R on June 26, 2014, wherein he recommends this Court dismiss the petitioner's § 2255 petition without prejudice and deny the Petitioner's Motion to Supplement the Record in Support of Relief. This Court granted petitioner's Motion to File Out-of-Time Objections [Crim. Doc. 551]. Therefore, petitioner's objections to Magistrate Judge Kaull's R & R were timely. For the foregoing reasons, this Court adopts Magistrate Judge Kaull's R & R.

## I. BACKGROUND

As more fully discussed in the R&R, petitioner was named in four counts in an eighteen count indictment. Ultimately, on January 18, 2011, he plead guilty to Counts 16

and 17 that charged petitioner with knowingly and intentionally possessing with intent to distribute approximately 2.17 grams and 17.82 grams of heroin, respectively, in violation of 21 U.S.C. §§ 841 (a)(1), 841(b)(1)(C). [Crim. Doc. 319]. Then, on May 9, 2011, this Court classified petitioner as a career offender and found an offense level of thirty-four (34), but lowered it to a offense level of thirty-two (32) for acceptance of responsibility. Petitioner was sentenced to 210 months of incarceration for each count to be served concurrently. [Crim. Doc. 319]. In petitioner's objections to the Magistrate Judge Kaull's R & R, the petitioner sets forth numerous ineffective assistance of counsel claims, which all stem from petitioner's sentencing. In sum, petitioner argues that the sentence was incorrect because 1) career offender status was improperly imposed and 2) the incorrect drug weight was used when calculating the base offense level.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. See **Thomas v. Arn,** 474 U.S. 140, 150 (1985). Accordingly, this Court will review those portions of the R & R to which the petitioner objected under a *de novo* standard of review. The remaining portions will be reviewed for clear error.

## III. DISCUSSION

### A. Standard for Ineffective Assistance of Counsel Claims

To demonstrate ineffective assistance of counsel, a petitioner must show that his "counsel's representation fell below an objective standard of reasonableness," and that the error was "prejudicial to the defense" such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." ***Strickland v. Washington***, 466 U.S. 668, 694 (1984). As stated in ***Strickland***,

> a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.

***Id.*** at 697. With these standards in mind, we will discuss petitioner's objections.

### B. Career Offender Status

Pursuant to U.S. Sentencing Guidelines Manual § 4B1.1 (2010), a defendant will be considered a career offender if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1. The first two prongs of career offender status are clearly met because the instant offenses of conviction are felony controlled substance offenses that occurred when the petitioner was thirty-two (32) years old. The petitioner's objections concern the

third prong.

### 1. Ineffective Assistance of Counsel for Failing to Object to Delayed Prosecution that Resulted in Career Offender Status.

In his brief, petitioner argues that the Government delayed prosecution of the instant offenses in order for petitioner's sentence for previous state crimes to be imposed. According to petitioner, this delay caused petitioner to qualify under career offender status. Specifically, the petitioner states "the delay between the arrest of the state and federal indictment served as a tactical advantage for the prosecution. Whereas, it knew pre-indictment, Mason [petitioner] would not have had the prerequisite prior conviction to make him into being a career offender . . .." [Crim. Doc. 553 at 5]. To support this argument, petitioner cites **United States v. Marion**, 404 U.S. 307 (1971). Specifically, the petitioner quotes the **Marion** Court:

> the Government concedes that the Due Process Clause of the Fifth Amendment would require dismissal of the indictment if it were shown at trial that the pre-indictment delay in this case caused substantial prejudice to appellees' rights to a fair trial and that the delay was an intentional device to gain tactical advantage over the accused.

*Id.* at 324. Based on this argument, the petitioner alleges that his trial counsel was ineffective for failing to object.

In the Indictment, the events that ultimately led to petitioner's instant conviction occurred in June 2008. [Crim. Doc. 1 at 17-18]. He entered his plea in January 2011. [Crim. Doc. 318 at 5]. According to the Presentence Investigation Report, petitioner pled guilty to the Criminal Sale of a Controlled Substance Third Degree in Kings County in October 2001, but was not sentenced until October 01, 2008. [Crim. Doc. 318 at 20].

Petitioner's argument fails because the career offender status is not triggered on the sentencing of the prior felony convictions. Rather, "[t]he date that a defendant sustained a conviction shall be the date that the guilt of the defendant has been established, whether by guilty plea, trial, or plea of nolo contendere." U.S.S.G. § 4B1.2(c). While it is true that petitioner's New York state sentence for the Criminal Sale of a Controlled Substance Third Degree was imposed after the conduct of the instant offenses, the date of sentencing is irrelevant. Instead, the Sentencing Guidelines look to the date of guilty plea, which was October 11, 2001. Because the petitioner plead guilty to the New York drug offense in October 2001, the career offender requirements were already satisfied. Therefore, the petitioner has not alleged any prejudice for a delay in trial. Notably, while the petitioner argues the delay in trial was prejudicial, as the docket reflects, petitioner moved this Court twice to continue the trial. [Crim. Docs. 169, 189]. Therefore, petitioner's argument is meritless, and he suffered no prejudice from the delay of his trial.

**2. The Two Prior Convictions Did Not Invoke the Career Offender Enhancement.**

Petitioner's career offender status was based on two prior felony convictions. As stated in the pre-sentence investigation report, "the first conviction is for Robbery 2nd Degree, Grand Larceny 4th Degree, Criminal Possession of Cocaine 7th Degree, and Criminal Possession of a Weapon 3rd Degree . . . The second conviction is for Criminal Sale of a Controlled Substance 3rd Degree." [Doc. 318 at 15]. In sum, petitioner argues that the prior state convictions should not have invoked career offender status.

i. **Sale of Controlled Substance Third Degree**

Petitioner contends that the conviction for the Criminal Sale of a Controlled Substance Third Degree, in violation of N.Y. PENAL LAW § 220.39, that resulted from the May 09, 2001 arrest should not have been used to impose the career offender enhancement. Petitioner's contention is incorrect. For this conviction to qualify under the third prong of U.S.S.G. § 4B1.1(a) (2010), it must be both a felony and a conviction for a controlled substance offense. His prior conviction meets both of these requirements.

The U.S.S.G. states:

> [t]he term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, ***distribution, or dispensing*** of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.+

§ 4B1.2(b) (emphasis added). Similarly, a violation of N.Y. PENAL LAW 220.39 is the knowing and unlawful sale of a controlled substance.

Under U.S.S.G., a "'prior felony conviction' means a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed." § 4B1.2 cmt. n.1. An offense under N.Y. Penal Law § 220.39 is a "class B felony," which carries a term of imprisonment from one to nine years. N.Y. PENAL LAW § 70.70 (McKinney 2013). For this crime, petitioner was sentenced to fifty-four months to nine years of incarceration. Therefore, petitioner's prior state conviction for the Criminal Sale of a Controlled Substance in the 3rd Degree was

properly considered in determining his career offender status.

In this objections, plaintiff relies on **Carachuri-Rosendo v. Holder**, 560 U.S. 563 (2010) as support for his argument that his prior conviction for criminal sale of a controlled substance third degree did not trigger career offender status. [Doc. 553 at 11]. Although **Carachuri-Rosendo** involved a the use of a prior conviction for immigration purposes, its holding and reasoning applies to criminal sentencing. See **United States v. Simmons**, 649 F.3d 237, 242 (4th Cir. 2011). In **Simmons**, the defendant pled guilty to federal drug trafficking. His sentence was enhanced because of a prior North Carolina drug conviction of possession with intent to distribute marijuana. *Id.* 241. Simmons challenged the Government's use of the prior state conviction because, under North Carolina law, as a first time offender, the maximum sentence that could be imposed was eight months of community punishment, with no imprisonment. *Id.* The Fourth Circuit applied the **Carachuri** Court's reasoning and held that when determining whether a criminal defendant's prior convictions enhance sentencing, courts are directed to look at the "conviction itself" and not hypothetical aggravating factors. *Id.* at 244.

The law set forth in **Carachuri-Rosendo** and **Simmons** is not applicable to the present case. For petitioner's conviction for the Criminal Sale of a Controlled Substance Third Degree, New York law imposed a sentence ranging from one to nine years. As such, petitioner's sentence was certainly punishable by more than one year. Unlike **Simmons**, in this case, when imposing the career offender status, the district court did not consider hypothetical aggravating factors of the underlying state conviction.

### ii. Robbery in the Second Degree

Next, he argues that his robbery conviction does not constitute a violent felony, thus, does not qualify as a "crime of violence." Yet, U.S.S.G. § 4B1.2(a) defines a crime of violence as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year that has as an element the use, attempted use or threatened use of physical force against the person of another."

When looking at petitioner's first prior conviction, his conviction for Robbery Second Degree alone satisfies the requirements of a crime of violence. Robbery in the Second Degree is committed when a person "forcibly steals property" and:

> 1. He is aided by another person actually present; or
> 2. In the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime:
> (a) Causes physical injury to any person who is not a participant in the crime; or (b) Displays what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm; or
> 3. The property consists of a motor vehicle, as defined in section one hundred twenty-five of the vehicle and traffic law.

NY PENAL LAW § 160.10 (McKinney 2013). Under state law, this offense is considered a class C violent felony, and satisfies the crime of violence under the sentencing guidelines. *See* N.Y. PENAL LAW § 70.02(b) (McKinney 2013); **United States v. Smith**, 553 F.Supp. 2d 263, 266 (W.D.N.Y. 2008) (holding that a conviction of Robbery in the Second Degree meets the requirements for career offender status).

As discussed above, the petitioner fails to meet his burden under the performance prong of **Strickland**. Even if the attorney failed to make an argument against the imposition of a career offender, petitioner fails to show that the outcome would have been

different.

## C. Petitioner's Claim for Ineffective Assistance of Counsel for the Incorrect Calculation of Drug Weight.

Petitioner argues that defense counsel was ineffective for failing to challenge the Court's inclusion of drug weight from a dismissed charge in determining the base offense level. Specifically, he argues that the amount of heroin used to calculate his base offense level should have been 19.99 grams. [Crim. Doc. 554 at 2]. Therefore, he contends that defense counsel erred when representing to the Court that the appropriate amount of heroin to be used was 20.34 grams.

Under the U.S.S.G., district courts may take relevant conduct into account in determining a defendant's sentence regardless of whether the defendant has been convicted of the charges constituting relevant conduct. *See* U.S.S.G. § 1B1.3 (2010); **United States v. Jones**, 31 F.3d 1304, 1316 (4th Cir. 1994). Specifically, when determining the base offense level, the court takes into consideration, among other conduct, "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant." §1B1.3 (a)(1)(A).

As outlined in the R & R, defense counsel made numerous objections to the relevant conduct. Although this Court does not disagree with the R & R, the undersigned finds no reason to delve into this issue because the drug weight calculation did not prejudice the petitioner. The offense level for a career offender is not calculated by the drug quantity table in § 2D.1. Rather, a career offender's offense level is determined separately under U.S.S.G. § 4B1.1 (b) that states "if the offense level for a career offender from the table in

this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply." As outlined in the pre-sentence report, if petitioner was not a career offender, his adjusted offense level would have been twenty-eight (28). [Doc. 318 at 16]. But, he is career offender, and accordingly, his offense level was determined to be thirty-four (34). As such, petitioner was not prejudiced; petitioner's ineffective assistance of counsel claims fails.

D.    **Request for Evidentiary Hearing**

In his objections, petitioner also requested that this Court hold an evidentiary hearing. Because this Court conclusively finds that petitioner is not entitled to relief, petitioner's motion for an evidentiary hearing is **DENIED**.

## IV. CONCLUSION

Therefore, upon careful review of the above, it is the opinion of this Court that the Report and Recommendation [Crim. Doc. 545, Civ. Doc. 9] should be, and is, hereby **ORDERED ADOPTED** for the reasons stated above. The petitioner's Objections [Crim. Doc. 553] are **OVERRULED**. Accordingly, this Court **ORDERS** that the petitioner's § 2255 petition [Crim. Doc. 471, Civ. Doc. 1] be **DENIED and DISMISSED WITH PREJUDICE**. The petitioner's Motion for an Evidentiary Hearing [Crim Doc. 554] is **DENIED**. This Court further **DIRECTS** the Clerk to enter judgment in favor of the respondent and to **STRIKE** this case from the active docket of this Court.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** the petitioner a certificate of appealability, finding that he has failed to make "a

this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply." As outlined in the pre-sentence report, if petitioner was not a career offender, his adjusted offense level would have been twenty-eight (28). [Doc. 318 at 16]. But, he is career offender, and accordingly, his offense level was determined to be thirty-four (34). As such, petitioner was not prejudiced; petitioner's ineffective assistance of counsel claims fails.

D.    **Request for Evidentiary Hearing**

In his objections, petitioner also requested that this Court hold an evidentiary hearing. Because this Court conclusively finds that petitioner is not entitled to relief, petitioner's motion for an evidentiary hearing is **DENIED**.

## IV. CONCLUSION

Therefore, upon careful review of the above, it is the opinion of this Court that the Report and Recommendation [Crim. Doc. 545, Civ. Doc. 9] should be, and is, hereby **ORDERED ADOPTED** for the reasons stated above. The petitioner's Objections [Crim. Doc. 553] are **OVERRULED**. Accordingly, this Court **ORDERS** that the petitioner's § 2255 petition [Crim. Doc. 471, Civ. Doc. 1] be **DENIED and DISMISSED WITH PREJUDICE**. The petitioner's Motion for an Evidentiary Hearing [Crim Doc. 554] is **DENIED**. This Court further **DIRECTS** the Clerk to enter judgment in favor of the respondent and to **STRIKE** this case from the active docket of this Court.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** the petitioner a certificate of appealability, finding that he has failed to make "a

this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply." As outlined in the pre-sentence report, if petitioner was not a career offender, his adjusted offense level would have been twenty-eight (28). [Doc. 318 at 16]. But, he is career offender, and accordingly, his offense level was determined to be thirty-four (34). As such, petitioner was not prejudiced; petitioner's ineffective assistance of counsel claims fails.

D.    **Request for Evidentiary Hearing**

In his objections, petitioner also requested that this Court hold an evidentiary hearing. Because this Court conclusively finds that petitioner is not entitled to relief, petitioner's motion for an evidentiary hearing is **DENIED**.

## IV. CONCLUSION

Therefore, upon careful review of the above, it is the opinion of this Court that the Report and Recommendation [Crim. Doc. 545, Civ. Doc. 9] should be, and is, hereby **ORDERED ADOPTED** for the reasons stated above. The petitioner's Objections [Crim. Doc. 553] are **OVERRULED**. Accordingly, this Court **ORDERS** that the petitioner's § 2255 petition [Crim. Doc. 471, Civ. Doc. 1] be **DENIED and DISMISSED WITH PREJUDICE**. The petitioner's Motion for an Evidentiary Hearing [Crim Doc. 554] is **DENIED**. This Court further **DIRECTS** the Clerk to enter judgment in favor of the respondent and to **STRIKE** this case from the active docket of this Court.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** the petitioner a certificate of appealability, finding that he has failed to make "a

substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

DATED: October 23, 2014.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE