IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**JAMELL MASON**,

        Petitioner,

v.

UNITED STATES OF AMERICA,

        Respondent.

**Civil No.: 3:16CV44**
**Criminal No.: 3:09CR87-6**
**(JUDGE BAILEY)**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On April 13, 2016, JAMELL MASON ("Petitioner"), proceeding pro se, filed a third Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Civil Action No. 3:16CV44, ECF No. 1; Criminal Action No. 3:09CR87-6, ECF No. 611).[1]  The undersigned now issues this Report and Recommendation on the Petitioner's motion without requiring the Government to respond and without holding an evidentiary hearing.  For the reasons stated below, the undersigned recommends that the District Judge deny and dismiss the Petitioner's motion.

### II. FACTS

Petitioner was adjudged guilty of two counts of possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).  On May 9, 2011, the Petitioner was sentenced to a term of 210 months imprisonment followed by 6

---

[1] From this point forward, all ECF Numbers refer to Petitioner's Criminal Action.

1

years of supervised release. Judgment, ECF No. 319. According to the Pre-Sentence Report ("PSR"), Petitioner was a career offender within meaning of U.S.S.G. § 4B1.1 of the guidelines for the following reasons (1) Petitioner was 18 years or older at the time of the commission of the instant offense; (2) the instant offense was a felony involving either a crime of violence or a controlled substance; and (3) Petitioner had at least two prior felony convictions of either a crime of violence or a controlled substance offense. PSR at 15, ECF No. 318.

The Petitioner did file an appeal of his conviction or sentence, in which the district court was affirmed. ECF No. 364. Thereafter, on April 9, 2012, the Petitioner filed his first Motion to Vacate pursuant to 28 U.S.C. § 2255. ECF No. 368. On June 7, 2012, District Judge John Preston Bailey entered an Order Granting Petitioner's Motion for Voluntary Dismissal and Dismissing without prejudice Petitioners Motion to Vacate. ECF No. 400.

Thereafter, on May 16, 2013, the Petitioner filed a second Motion to Vacate pursuant to 28 U.S.C. § 2255. ECF No. 471. On June 26, 2014, United States Magistrate Judge John S. Kaull entered a Report and Recommendation in which he recommended that the Petitioner's § 2255 Motion be denied and dismissed on the merits. R&R, ECF No. 545. On October 23, 2014, the Court adopted the Report and Recommendation, and denied and dismissed the Motion to Vacate. ECF No. 570. The Court denied the petitioner a certificate of appealability.

In this third Motion to Vacate Under 28 U.S.C. § 2255, the Petitioner alleges that pursuant to the decision in Johnson v. United States[2], his career offender status is no longer valid under the residual clause. More specifically, the Petitioner alleges that his

---
[2] 135 S.Ct. 2551 (2015).

conviction for criminal possession of a loaded firearm in the third degree in the state of New York is not a violent crime.

In Johnson, the Supreme Court considered a provision of the Armed Career Criminal Act that creates a sentencing enhancement for possessing a firearm in the commission of a federal felony when the defendant already has three prior convictions for violent felonies and/or serious drug offenses. 18 U.S.C. § 924(e)(1); see id. § 922(g). Because the Petitioner was sentenced as a career offender, and not as an armed career criminal, it does not appear that Johnson applies to his sentence.[3] However, even if applicable, the Petitioner's pending § 2255 motion is due to be dismissed for the reason discussed more fully below.

### III.  ANALYSIS

Regarding a second or successive federal habeas corpus motion, 28 U.S.C. § 2255(h) states:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

---

[3]The Court acknowledges that since Johnson was decided, many prisoners who were given enhanced sentences under § 4B1.1 of the United States Sentencing Guidelines ("USSG") as career offenders have challenged their sentences by arguing that the residual clause of the career enhancement is unconstitutionally vague. The residual clause of USSG § 4B1.2(a)(2) is identical to the residual clause in the ACCA that Johnson ruled unconstitutional. There is a split of authority among districts in this Circuit and among the Circuits as well regarding whether Johnson is applicable to the residual clause of USSG § 4B1.2(a)(2). However, the Fourth Circuit heard oral arguments on January 28, 2016, in In re Hubbard, No. 15-0276. The court's decision, when issued, is expected to address whether the Supreme Court's holding in Johnson applies to the USSG and renders the residual clause of the career offender provision unconstitutionally vague.

3

Id. In order for a motion to be considered successive, a prior motion must have been dismissed on its merits. See Slack v. McDaniel, 529 U.S. 473, 485-89 (1999); Harvey v. Horan, 278 F.3d 370, 379-80 (4th Cir. 2002), abrogated on other grounds by Skinner v. Switzer, 131 S. Ct. 1289 (2011).

Here, it is clear that Petitioner's numerically second habeas petition was dismissed on the merits. Thus, the undersigned finds that the current § 2255 motion is a second or successive motion and Petitioner did not obtain authorization from the Fourth Circuit to file a successive § 2255 motion. Accordingly, pursuant to 28 U.S.C. § 2244 and 28 U.S.C. § 2255, this Court is without authority to hear petitioner's current federal habeas petition. See United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003).

## IV.    RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Civil Action No. 3:16cv44, **ECF No. 1**; Criminal Action No. 3:09cr87-6, **ECF No. 611**] be **DENIED** and **DISMISSED** as an unauthorized second or successive motion. Furthermore, Petitioner's motions **[ECF No. 631]** to appoint counsel and for an evidentiary hearing are **DENIED** as **MOOT**.

Within **fourteen (14) days** after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objections are made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable JOHN PRESTON BAILEY, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this

Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

      The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia. The Court further directs the Clerk of the Court to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: 5-10-2016

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE