# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## MARTINSBURG

**JAMELL MASON**,

      Petitioner,

v.
                                   **Civil Action No. 3:16-CV-44**
                                   **Crim. Action No. 3:09-CR-87-6**
                                   **(BAILEY)**

**UNITED STATES OF AMERICA**,

      Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Presently pending before this Court is petitioner Jamell Mason's *pro se* Motion to Vacate [Crim. Doc. 611; Civ. Doc. 1], filed April 13, 2016, petitioner's Motion to Appoint Counsel [Crim. Doc. 631; Civ. Doc. 12], filed on May 9, 2016, and Magistrate Judge Robert W. Trumble's Report and Recommendation ("R&R") [Crim. Doc. 639; Civ. Doc. 13], filed on May 10, 2016. In Magistrate Judge Trumble's R&R, he recommends that this Court deny and dismiss petitioner's Motion to Vacate as second or successive, and deny as moot petitioner's Motion to Appoint Counsel [Crim. Doc. 639; Civ. Doc. 13].

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v.***

***Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Trumble's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. The petitioner timely filed his objections [Crim. Doc. 648; Civ. Doc. 15] on May 26, 2016.

However, upon careful review of the above, this Court finds that the current § 2255 petition is a prohibited second or successive motion and that petitioner did not obtain authorization from the Fourth Circuit to file a successive § 2255 motion. Accordingly, pursuant to 28 U.S.C. § 2244 and 28 U.S.C. § 2255, this Court is without authority to hear petitioner's current federal habeas petition. *See **United States v. Winestock***, 340 F.3d 200, 207 (4th Cir. 2003).[1]

As such, the **R&R** in this matter **[Crim. Doc. 639; Civ. Doc. 13]** is hereby **ORDERED ADOPTED**, and petitioner's Objections **[Crim. Doc. 648; Civ. Doc. 15]** are **OVERRULED**. Petitioner's petition for relief under 28 U.S.C. § 2255 **[Crim. Doc. 611; Civ. Doc. 1]** is hereby **DENIED** and **DISMISSED** as an unauthorized second or successive motion, and the Motion to Appoint Counsel **[Crim. Doc. 631; Civ. Doc. 12]** is **DENIED AS MOOT**.

As a final matter, upon an independent review of the record, this Court hereby **GRANTS** a certificate of appealability, finding that Mr. Mason has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

---

[1] In rendering this decision, this Court is cognizant of the precedent set forth in ***In re Hubbard***, — F.3d —, No. 15-276, 2016 WL 3181417 (4th Cir., June 8, 2016), which may provide the necessary precedential framework for petitioner to seek a second or successive petition.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** June 20, 2016.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE